UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONNA BYNUM,**         ) | |
| ) | |
| **Plaintiff,**       ) | |
| ) | |
| v.                          ) | Case No. 05-CV-0482-CVE-PJC |
| ) | |
| **CALVARY PORTFOLIO SERVICES, L.L.C.,** ) | |
| **as assigned to CYGNET-FMAC,**  ) | Consolidating with |
| **CALVARY SPVI, L.L.C., REYNOLDS,** ) | Case No. 04-CV-0515-CVE-PJC |
| **RIDINGS, VOGT, AND MORGAN, and** ) | |
| **BENJAMIN HARRIS,**      ) | |
| ) | |
| **Defendants.**      ) | |

**OPINION AND ORDER**

Now before the Court is defendants' Joint Motion to Withdraw Reference of Motion for Contempt and All Related Proceedings, and Motion to Consolidate (Dkt. ## 2 & 3). Defendants seek to have plaintiff's various claims heard by this Court, rather than the bankruptcy court, and to have her claims currently before the bankruptcy court combined with a previously filed action pending before this Court.

I.

A recitation of the lengthy factual and procedural background of this care is not necessary, and the facts are outlined only to the extent they are relevant to the present motion. In 2001, plaintiff and her husband received a discharge in bankruptcy from the United States Bankruptcy Court for the Northern District of Oklahoma. Plaintiff claims that defendants engaged in impermissible debt collection efforts in violation of the bankruptcy court's discharge order. Accordingly, she brought four different actions: (1) a motion for civil contempt of the discharge order, filed with the bankruptcy court, and three additional claims pursuant to (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x;(3) the Oklahoma Consumer Protection Act

("OCPA"), Okla. Stat. tit. 15, §§ 751-764.1; and (4) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. Plaintiff brought her FDCPA claim in this Court; she brought her remaining claims in bankruptcy court.

Defendants--Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Reynolds, Riding, Vogt, and Morgan, and Benjamin Harris (hereinafter "defendants")--filed a joint motion to withdraw the reference to the bankruptcy court of the claims pending before that court. They further move to consolidate the actions currently pending before the bankruptcy court with the FDCPA claim pending before this Court. Defendants assert a number of grounds in support of their motion to withdraw: (1) the parties have demanded a jury trial and the bankruptcy court has no jurisdiction to conduct a jury trial; (2) the nature of the claims asserted by the debtor are personal injury claims, and the bankruptcy court does not have jurisdiction to hear such claims; and (3) cause exists to withdraw the reference.

## II.

Both of defendant's first two arguments implicate the jurisdictional authority of the bankruptcy court to conduct a jury trial. Defendant argues that all of the parties have demanded a jury trial of plaintiff's FCRA and OCPA claims and such a proceeding is outside of the power of the bankruptcy court.

By statute,

> [b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred [by the district court] and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(1).

The Tenth Circuit has held that section 157(b)(1) does not empower bankruptcy courts to conduct jury trials. See, e.g., In re Kaiser Steel Corp., 911 F.2d 380, 392 (10th Cir. 1990). Accord In re Baker & Getty Fin. Servs, Inc., 954 F.2d 1169, 1173 (6th Cir. 1992); In re United Missouri Bank of Kansas City, N.A., 901 F.2d 1449, 1451 (8th Cir. 1990).[1] But see In re Ben Cooper, Inc., 896 F.2d 1394, 1402 (2d Cir. 1990). The court in Kaiser Steel explicitly rejected the Second Circuit's view that the language of section 157(b)(1) provides bankruptcy courts with the power to conduct jury trials. 911 F.2d at 391. In reaching its decision, the court relied heavily on the absence of "any express provision authorizing jury trial before bankruptcy judges." Id. at 392.

The Court understands the Tenth Circuit's holding in Kaiser Steel to require withdrawal of a reference to a bankruptcy court when the need for a jury trial is conceded. See In re Concept Clubs, Inc., 154 B.R. 581, 585 n.2 (D. Utah 1993) ("In a sense, because the Tenth Circuit has denied bankruptcy courts the authority to conduct jury trials, this form of 'permissive' withdrawal will always be mandatory if the movant satisfies the prerequisites of his or her right to a jury trial."). Since all of the parties agree that a jury trial is necessary, the Court holds that the reference of plaintiff's FCRA and OCPA claims in this matter must be withdrawn, and the requisite jury trial will be conducted by this Court.[2]

---

[1] In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), the United States Supreme Court upheld an entitlement to jury trial in bankruptcy proceedings. Id. at 36. The Court declined to address whether bankruptcy courts possess the power to conduct jury trials. Id. at 64.

[2] Plaintiff cites Rule 9015 of the Federal Rules of Bankruptcy Procedure for support of her claim to a jury trial proceeding in the bankruptcy court. Rule 9015 has been abrogated, however. Bankr. R. 9015 advisory committee's note ("In light of the clear mandate of 28 U.S.C. § 2075 that the 'rules shall not abridge, enlarge, or modify any substantive right,' Rule 9015 is abrogated.").

3

### III.

Defendant's motion to withdraw recognizes no distinction between plaintiff's statutory claims under the FCRA and the OCPA and plaintiff's motion for contempt of the bankruptcy court's discharge order. The Court determines, however, that plaintiff's motion for contempt is properly decided by the bankruptcy court and declines to withdraw that motion.  There is no question that plaintiff's motion for contempt is a "core" proceeding under 28 U.S.C. § 157(b)(1) and, therefore, an appropriate matter for resolution by the bankruptcy court.  See In re Sevko, Inc., 143 B.R. 114, 116 (N.D. Ill. 1992) ("The legislative history of [section]157(d) indicates that withdrawal is appropriate only in limited circumstances, to enforce Congress's intent to let expert bankruptcy judges determine Bankruptcy Code matters to the greatest extent possible.").  Moreover, unlike the FCRA and OCPA claims, the motion for contempt does not require a jury determination.

### IV.

Both parties seek consolidation.  Defendant seeks consolidation of plaintiff's claims before this Court and plaintiff before the bankruptcy court.  The Federal Rules of Civil Procedure state:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Since plaintiff's claims under the FDCPA, FCRA, and OCPA arise from the same body of facts, it is entirely appropriate for these claims to be consolidated into one action before this Court.

4

## IV.

For the reasons stated above, the Court hereby **grants in part** and **denies in part** defendants' motion to withdraw the reference to the bankruptcy court (Dkt. # 2): the reference to the bankruptcy court of plaintiff's claims pursuant to the Fair Credit Reporting Act and the Oklahoma Consumer Protection Act is withdrawn; the reference of plaintiff's motion for contempt of the bankruptcy court's discharge order (Dkt. # 4) is not withdrawn. **The Court Clerk is directed to notify the Bankruptcy Court Clerk that that motion remains pending before the bankruptcy court.**

The Court further **grants** defendants' motion to consolidate the cases before this Court (Dkt. # 3). Case No. 05-CV-482-CVE-PJC is hereby **consolidated** with Case No. 04-CV-515-CVE-PJC. **All future pleadings should be marked with and filed in the lower case number, 04-CV-515-CVE-PJC**. Plaintiff's motion to consolidate her claims before the bankruptcy court (Dkt. # 9) is hereby **denied**. Defendants' Motion for Status Conference (Dkt. # 13) is **deemed moot**.

**DATED** this 12th day of October, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT